```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| MARKUTTER J. MCINTOSH | : | |
| | : | |
| v. | : | Civil Action No. DKC 2007-2334 |
| | : | |
| JERRY L. MCLAURIN, ET AL. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract action is the Supplemental Motion for Default Judgment and Response to Order to Show Cause filed by Plaintiff Markutter J. McIntosh.  (Paper 21).  The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion for default judgment will be denied, and Defendant Deborah McLaurin will be dismissed from the case without prejudice.

The facts of this case were discussed in detail in the prior Memorandum Opinion granting in part and denying in part Plaintiff's motion for default judgment.  (Paper 14).  They will be reiterated here only insofar as they relate to the matter presently before the court.  Plaintiff's complaint alleged breach of contract, violations of the Maryland Consumer Protection Act and Maryland Custom Home Protection Act, negligent misrepresentation, and fraud claims against Defendant

Jerry L. McLaurin, t/a McLaurin & Brad Affordable Custom Homes, and unjust enrichment against both Mr. McLaurin and his wife, Deborah McLaurin.  (Paper 1).  Defendants failed to respond to the complaint and, upon Plaintiff's motion, the clerk entered defaults on December 19, 2007.  (Paper 12).

On June 19, 2008, Plaintiff filed a motion for default judgment as to both Defendants.  (Paper 13).  That motion was granted as to Jerry McLaurin, and a default judgment was entered against him in the amount of $62,038.66.  (Paper 15).  The motion was denied as to Deborah McLaurin, however, because the complaint failed to establish her liability for unjust enrichment.  The court observed that "Plaintiff asserts that '[o]n information and belief,' Defendant Jerry McLaurin diverted funds he received from Plaintiff to his wife, Deborah McLaurin, and that Mrs. McLaurin was unjustly enriched by these funds," citing paragraphs seventeen and thirty-four of the complaint. "This belief," the court found, could not "by itself establish liability for unjust enrichment or any other cause of action." (Paper 14, at 10).  Thus, a default judgment was not entered for Defendant Deborah McLaurin, though the entry of default remained.  On August 28, 2008, the court issued an order granting Plaintiff until fourteen days after entry of a final

2

judgment in the case to submit a bill of costs and petition for attorney's fees.  (Paper 18).

Thereafter, there were no filings in the case for more than nine months.  Noting that, the court issued an order, on June 8, 2009, directing Plaintiff to show cause as to why the case against Defendant Deborah McLaurin should not be dismissed without prejudice, pursuant to Local Rule 103.8(b).  (Paper 20).  On June 22, 2009, Plaintiff filed her supplemental motion for default judgment and response to order to show cause, attaching various bank records purportedly reflecting: (1) that after receiving a large cash advance from Plaintiff, Defendant Jerry McLaurin withdrew $18,100 from his company's account; (2) that Defendant Jerry McLaurin paid four of the McLaurins' home mortgage payments from these funds; and (3) that during a one-year period after Defendant Jerry McLaurin's receipt of a cash advance from Plaintiff, $77,300 was transferred to Ms. McLaurin's individual bank account from various other accounts.  These facts, according to Plaintiff, "support an inference that the allegation of Paragraph 17 of the Complaint . . . was, in fact, true."  (Paper 21, at 3).  Paragraph seventeen of the complaint states, "On information and belief, [Mr.] McLaurin diverted all or some of [Plaintiff's] funds . . . to himself and his wife, Deborah D. McLaurin."  (Paper 1, at ¶ 17).

3

Assuming, *arguendo*, the truth of that assertion, however, it is inconsequential to the court's analysis.  Even if Mr. McLaurin diverted all or some of Plaintiff's funds to himself and his wife, as Plaintiff alleges, she has still failed to establish Ms. McLaurin's liability for unjust enrichment.  As the court stated in the prior Memorandum Opinion, under Maryland law, "[u]njust enrichment consists of three elements: 1) a benefit conferred upon the defendant by the plaintiff, 2) an appreciation or knowledge by the defendant of the benefit, and 3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value."  (Paper 14, at 8).  Here, Plaintiff has failed to establish any of these elements as to Ms. McLaurin.

Any "benefit conferred" by Plaintiff in this case, *i.e.*, the money Plaintiff paid for a feasibility study and as an advance on a construction contract, was not upon Ms. McLaurin, but upon her husband and his business.  While Mr. McLaurin certainly had an "appreciation or knowledge" of this benefit, there is no allegation or evidence suggesting that the same can be said of his wife.  Most tellingly, there is nothing to suggest that Deborah McLaurin inequitably retained a benefit to which she was not entitled without payment of its value.  Under

4

Plaintiff's theory, Jerry McLaurin took her money and deposited at least some of it into accounts to which his wife had access; therefore, Ms. McLaurin was unjustly enriched.  The critical fact Plaintiff fails to allege, however, is that Ms. McLaurin had knowledge that the money was wrongfully retained.  Absent a fact-based allegation of scienter, Plaintiff has failed to state a claim for unjust enrichment against Defendant Deborah McLaurin.

    Accordingly, Plaintiff's supplemental motion for a default judgment will be denied.  Moreover, Plaintiff has failed to show good cause as to why Ms. McLaurin should not be dismissed.  Therefore, Ms. McLaurin will be dismissed from the case.  A separate Order will follow.

                                             _____/s/_____
                                             DEBORAH K. CHASANOW
                                             United States District Judge