IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARKUTTER J. MCINTOSH      :

    v.                         :   Civil Action No. DKC 07-2334

JERRY L. MCLAURIN, et al.  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion filed by Plaintiff Markutter J. McIntosh for attorney's fees and costs. (Paper 24). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

I. **Background**

On September 4, 2007, Plaintiff commenced this diversity action against Defendants Jerry T. McLaurin, trading as McLaurin & Brad Affordable Custom Homes, and Deborah D. McLaurin, alleging breach of contract, violations of the Maryland Consumer Protection Act and Maryland Custom Home Protection Act, negligent misrepresentation, fraud, and unjust enrichment. (Paper 1). When Defendants failed to respond within the requisite time period, Plaintiff moved for entry of default. The clerk entered default on December 19, 2007. (Paper 12).

On June 16, 2008, Plaintiff filed a motion for default judgment. (Paper 13). The court granted that motion as to Mr. McLaurin, finding that Plaintiff had established liability as to all claims against him, but denied relief as to Ms. McLaurin, as the complaint failed to state a claim against her. (Papers 14, 15). Judgment was entered in favor of Plaintiff and against Mr. McLaurin in the amount of $62,038.66, and the court determined that Plaintiff was "entitled to attorney's fees and should submit a properly supported Petition pursuant to Local Rule 109.2." (Paper 15, at ¶ 3). Plaintiff subsequently requested, and the court granted, an extension of time for the filing of her bill of costs and petition for attorney's fees until fourteen days after final judgment was rendered. (Papers 16, 18).

Thereafter, there were no filings in the case for more than nine months. On June 8, 2009, the court directed Plaintiff to show cause as to why the case against Mrs. McLaurin should not be dismissed without prejudice pursuant to Local Rule 103.8. (Paper 20). Plaintiff responded by filing a supplemental motion for default judgment against Mrs. McLaurin. (Paper 14). The court denied that motion on October 2, 2009, and dismissed Mrs. McLaurin without prejudice. (Papers 22, 23). The court further ordered that "this judgment is final for purposes of Fed.R.Civ.P. 58" (paper 23, at ¶ 3), thus triggering the

fourteen day period for the filing of Plaintiff's bill of costs and petition for attorney's fees. Plaintiff filed the instant motion for attorney's fees and costs on October 15, 2009, requesting a total award of $5,993.68. (Paper 24).

**II. Analysis**

Plaintiff's entitlement to an award of attorney's fees is based on Mr. McLaurin's liability under the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101, *et seq*. Subsection 13-408(b) of the MCPA provides that "[a]ny person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees."

The Court of Special Appeals of Maryland set forth the relevant considerations for an award of attorney's fees under the MCPA in *Hyundai Motor America v. Alley*, 183 Md.App. 261, 275-76 (2008):

> In determining an award under Maryland fee-shifting statutes, courts employ the lodestar methodology. This begins by multiplying the reasonable number of hours expended by an attorney by a reasonable hourly rate. [*Friolo v. Frankel*, 373 Md. 501, 504-05 (2003) ("*Friolo I*")]. In *Friolo I*, however, the Court of Appeals cautioned that the lodestar methodology was broader than simply a multiplication of reasonable hours spent by a reasonable hourly rate, but required a careful consideration by the trial court of appropriate adjustments that should be made on a case-by-case basis. *Friolo I*, 373 Md. at 504-05, 819 A.2d 354.

3

> "Hours that [a]re excessive, redundant, or otherwise unnecessary should be excluded, as hours not properly billed to one's client are also not properly billed to the adversary." *Id*. at 524, 819 A.2d 354. . . .
>
> Maryland courts consider a variety of factors including, but not limited to, those delineated in Md. Rules of Professional Conduct, Rule 1.5. Those factors are:
>
>> (1) the time and labor required, the novelty of the questions involved, and the skill requisite to perform the legal service properly;
>> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>> (3) the fee customarily charged in the locality for similar legal services;
>> (4) the amount involved and the results obtained;
>> (5) the time limitations imposed by the client or by the circumstances;
>> (6) the nature and length of the professional relationship with the client;
>> (7) the experience, reputation, and ability of the lawyer performing the services; and
>> (8) whether the fee is fixed or contingent.

(footnote omitted).

If the court determines that the requested fees are reasonable, it must then "weigh the fees requested by the result achieved and decide whether an upward or downward adjustment in the award is warranted." *Hyundai Motor America*, 183 Md.App. at 277 (citing *Friolo I*, 373 Md. at 504). Where the requesting

4

party has "obtained excellent results, his attorney should recover the full fee, which would normally encompass all hours reasonably expended on the case." *Id*. (citing *Friolo I*, 373 Md. at 524-25). If, on the other hand, "the court determines that the appellees achieved only partial success, a downward adjustment may be necessary." *Id*. (citing *Garcia v. Foulger Pratt Dev., Inc.*, 155 Md.App. 634, 673-74 (2003)). The court is required to explain how the lodestar factors affected its decision to award fees. *Id*. (citing *Friolo v. Frankel*, 403 Md. 443, 450 (2008)).

Here, Plaintiff asks for an award of attorney's fees in the amount of $4,950, offering the affidavit of her attorney, John T. Brennan, in support. (Paper 24, Ex. 1). Mr. Brennan, an attorney admitted to the bar for over nineteen years, billed Plaintiff for 19.8 hours of work performed between the dates of March 6, 2007, and August 12, 2008. The affidavit sets forth in sufficient detail the nature of this work, along with the time spent on each task. The hours are not excessive, redundant, or unnecessary; indeed, substantial time was expended drafting motions and affidavits related to Defendants' evasion of service and/or nonresponsiveness throughout this litigation. Notably, Plaintiff does not seek reimbursement for fees related to her supplemental motion for default judgment against Mrs. McLaurin, which was not successful. Considering the nature of the suit,

5

the circumstances of the case, the length of the relationship between Plaintiff and her attorney, and the favorable result obtained, the court finds 19.8 hours to be a reasonable amount of time.

Mr. Brennan further avers that he routinely bills at a rate of between $250 and $300 per hour, and that he billed Plaintiff at the minimum rate of $250 per hour. The court's Local Rules Guidelines, which set forth a range of reasonable rates for legal services based upon experience and qualifications, suggest that attorneys with Mr. Brennan's experience generally bill at a rate of from $275 to $400 per hour. *See* Local Rules App'x B, at 3(d). Thus, the court finds that $250 per hour was a reasonable rate.

Having established that $4,950 for 19.8 hours of work was reasonable, the court must consider whether an adjustment of the award is warranted based upon the outcome of the case. In light of Defendants' defaults, the court finds that Mr. Brennan achieved the result that would be expected by any competent attorney. Still, the work underlying the requested fees was generally of good quality and appears to have been performed in a highly efficient manner. Thus, the court finds that Plaintiff is entitled to the full amount of fees requested, without upward or downward adjustment.

Plaintiff additionally seeks reimbursement of costs in the amount of $1,043.68. (Paper 24, Ex. 1, at 3). Although the MCPA does not expressly authorize reimbursement of costs, "usual and ordinary court costs are generally recoverable." *See Blitz v. Beth Isaac Adas Israel Congregation*, 115 Md.App. 460, 476 (1997), *rev'd on other grounds*, 352 Md. 31 (1998); *see also Collier v. MD-Individual Practice Ass'n*, 327 Md. 1, 11 (1992) ("In Maryland, '[t]he general rule is that costs and expenses of litigation, other than the usual and ordinary Court costs, are not recoverable in an action for damages.'"); *Bahena v. Foster*, 164 Md.App. 275, 289 (2005) (same). Mr. Brennan's affidavit reveals that Plaintiff's costs – consisting of a small charge for the performance of a records check in order to obtain a proper address for Defendants, the cost of shipping documents to the process server, the service of process fee, and the court's filing fee – were usual and ordinary costs. Thus, Plaintiff is entitled to reimbursement in the full amount of $1,043.68.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge